IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | | |
|---|---|---|
| LARRY D. JOHNSON, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civ. Act. No.: 1:21CV263-EM |
| | ) | (wo) |
| AMERIS BANK, | ) | |
| | ) | |
| Defendant. | ) | |

**MEMORANDUM OPINION AND ORDER**

**I.  FACTS AND PROCEDURAL HISTORY**

Larry D. Johnson filed a petition in bankruptcy pursuant to Chapter 13 on January 2, 2019.   The bankruptcy court confirmed the Chapter 13 plan on November 11, 2019. (Case 19-10004, doc. 42).[1]   Johnson also filed a complaint initiating an adversary proceeding in the bankruptcy court.  Defendant Ameris Bank filed a motion to dismiss the complaint in the adversary proceeding, which was granted on March 24, 2021. (Doc. 2-23).

On April 1, 2021, Johnson filed a motion to reconsider the granting of the motion to dismiss. (Doc. 2-24).  On the same day, he filed a Notice of Appeal in that case. (Doc. 1-1).

---

[1] References to documents filed in the bankruptcy case and the adversary proceeding are by bankruptcy court case and document number. References to documents in the case on appeal in this Court will be to the document numbers generated by CM/ECF in this appeal.

On April 22, 2021, the bankruptcy court granted the motion to reconsider and vacated the March 24, 2021 order of dismissal. (Case 21-01002, doc. 43).   The case was then reassigned to Judge Sawyer.

On June 23, 2021, the bankruptcy court again dismissed the complaint in the adversary proceeding. (*Id.* at doc. 67).   In the dismissal order, the bankruptcy court expressed the opinion that its order on April 22, 2021, which vacated the order of dismissal, mooted the contemporaneously filed notice of appeal. (*Id.*).   On July 21, 2021, Johnson filed a motion to reconsider and a motion to disqualify Judge Sawyer. (*Id.* at doc. 72).   Those motions were denied on August 6, 2021. (*Id.* at doc. 75).   No new notice of appeal was filed.

In this Court, Johnson filed a Motion to Void Dismissal of Adversary Proceeding and Motion to Disqualify Judge William R. Sawyer. (Doc. 9).

## II. STANDARD OF REVIEW

The district court in a bankruptcy appeal functions as an appellate court in reviewing the bankruptcy court's decision. *In re Williams*, 216 F.3d 1295, 1296 (11th Cir. 2000).   The timely filing of a notice of appeal is mandatory and jurisdictional. *Id.* at 1298.   If the notice is not timely filed, the appellate court is without jurisdiction to hear the appeal. *Id.* Jurisdictional questions are reviewed de novo. *In re Walker*, 515 F.3d 1204, 1210 (11th Cir. 2008).

Pursuant to 28 U.S.C. § 158, a district court has jurisdiction to hear bankruptcy appeals from final judgments, orders, and decrees which are filed within the time allowed by FED. R. BANKR. P. 8002.   Pursuant to that rule:

(b) Effect of a motion on the time to appeal

(1) In general

If a party files in the bankruptcy court any of the following motions and does so within the time allowed by these rules, the time to file an appeal runs for all parties from the entry of the order disposing of the last such remaining motion:

(A) to amend or make additional findings under Rule 7052, whether or not granting the motion would alter the judgment;

(B) to alter or amend the judgment under Rule 9023;

(C) for a new trial under Rule 9023; or

(D) for relief under Rule 9024 if the motion is filed within 14 days after the judgment is entered.

(2) Filing an appeal before the motion is decided

If a party files a notice of appeal after the court announces or enters a judgment, order, or decree--but before it disposes of any motion listed in subdivision (b)(1)--the notice becomes effective when the order disposing of the last such remaining motion is entered.

(3) Appealing the ruling on the motion

If a party intends to challenge an order disposing of any motion listed in subdivision (b)(1)--or the alteration or amendment of a judgment, order, or decree upon the motion--the party must file a notice of appeal or an amended notice of appeal. The notice or amended notice must comply with Rule 8003 or 8004 and be filed within the time prescribed by this rule, measured from the entry of the order disposing of the last such remaining motion.

FED. R. BANKR. P. 8002.

### III. DISCUSSION

The Defendant, Ameris Bank, contends that this Court lacks jurisdiction to hear the appeal in this case because the order Johnson appeals from, the initial order dismissing his case, was vacated and no new notice of appeal was filed. Johnson argues that the bankruptcy court was divested of jurisdiction to modify its order when he filed his notice of appeal.

"The filing of a proper notice of appeal is an event of jurisdictional significance—it confers jurisdiction on the appellate court and divests the trial court of its control over those aspects of the case involved in the appeal." *Griggs v. Provident Consumer Disc. Co.*, 459 U.S. 56, 58 (1982). A bankruptcy court is not divested of jurisdiction when an appellant files a notice of appeal, however, if a timely filed motion to reconsider the order appealed from is pending. *In re Woide v. Fed. Nat'l Mortg. Ass'n*, 2017 WL 477706, at *4 (M.D. Fla. 2017), *aff'd sub nom. In re Woide*, 730 F. App'x 731 (11th Cir. 2018).

Where a notice of appeal is filed after the entry of the order on appeal, but before the resolution of a pending motion for reconsideration, the notice of appeal only becomes effective when the order disposing of the motion for reconsideration is entered. FED. R. BANKR. P. 8002(b)(2).

In this case, Johnson asked the bankruptcy court to reconsider the dismissal of his case on April 1, 2001, the same day that he filed a notice of appeal. The bankruptcy court ruled on the motion to reconsider on April 22, 2021. (Case 21-011002, doc. 43). Therefore, the notice of appeal became effective on April 22, 2021. FED. R. BANKR. P. 8002. However, the order from which Johnson was appealing was vacated by the bankruptcy court's order. (Case 21-011002, doc. 43). "If the judgment is altered upon disposition of a postjudgment motion . . . and if a party who has previously filed a notice of appeal wishes to appeal from disposition of the motion, the party must amend the notice to so indicate." *Loder v. Icemakers, Inc.*, 2018 WL 1697389, at *2 (N.D. Ala. 2018)(quoting the Advisory Committee notes to FED. R. BANKR. P. 8002). Johnson did not amend his notice of appeal. Furthermore, because the order dismissing the adversary proceeding was vacated, the

4

notice of appeal was moot and no longer an appeal of a final judgment. *In re Donovan*, 532 F.3d 1134, 1136–37 (11th Cir. 2008).

A new dismissal order was entered on June 23, 2021, and the court denied reconsideration of that order on August 6, 2021. (Case 21-01002, doc. 75).  That dismissal order became the final order dismissing the adversary proceeding.  Johnson had 14 days from August 6, 2021 to file a notice of appeal.  FED. R. BANKR. P. 8002 (a)(1).  However, the notice of appeal which was filed in this case was filed on April 1, 2021 as an appeal of the March 24, 2021 order (doc. 1-1), not the August 6, 2021 final judgment.  Therefore, this Court lacks jurisdiction to review the bankruptcy court's final dismissal order.

## IV.  CONCLUSION

For the reasons discussed, this appeal is DISMISSED for lack of jurisdiction.

DONE this 18th day of October, 2021.


 /s/ Emily C. Marks
EMILY C. MARKS
CHIEF UNITED STATES DISTRICT JUDGE